## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34739-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA NICOLE RAVENHEART, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jessica Ravenheart appeals from convictions for third and fourth degree assault, and interference with a report of domestic violence, arguing that the prosecutor's comments in rebuttal deprived her of a fair trial. We affirm.

### FACTS

Ms. Ravenheart was arrested for domestic violence after throwing a fire extinguisher at her fiancé. She also prevented him from calling for assistance by throwing the telephone in the toilet. When denied pain medication, she twice struck an officer. These actions resulted, respectively, in the charges of fourth degree assault, interference with a domestic violence report, and third degree assault.

The defense offered evidence at trial that Ms. Ravenheart suffered from post-traumatic stress disorder and obtained instructions for a diminished capacity defense. Her counsel opened his argument:

> Apology accepted. That's where this case should have ended. This is a mental health, this is a—a psychological issue, this is some other issue, but this is not a criminal justice issue. Apology accepted. That should have been the end of it. Instead of being here today, and going through this, and dragging everyone through this—apology accepted. Let's get her some help. That's what she wanted. That's what Leo wanted. Wanted her to get some help.

Report of Proceedings (RP) at 96. In rebuttal, the prosecutor stated:

> Ladies and gentlemen, I'll try to be brief.
> Dr. Wilson didn't testify that she didn't have the intent to punch Officer Winegardner. And he didn't testify that she didn't have the intent to kick Officer Winegardner. He testified why she might hit or kick Officer Winegardner.
> This case isn't about whether or not someone said they were sorry. This case is about accepting consequences for your actions. And on February 28, 2016, Ms. Ravenwood [sic] got mad, and she got violent. She had violent actions. She needs to face the consequences for those.

RP at 100.

The defense did not object to the argument. The jury rejected the diminished capacity defense and convicted Ms. Ravenheart as charged. She then timely appealed to this court. A panel considered the matter without argument.

## ANALYSIS

The sole issue presented by this appeal is a contention that the prosecutor's statement that defendant "needs to face the consequences" constituted misconduct

2

requiring a new trial. She specifically argues that the statement was an appeal to prejudice. We believe it was an appropriate response to the defense argument.

The standards governing this challenge are well settled. Prosecutors can properly draw reasonable inferences from the evidence admitted at trial and argue those inferences to the jury. *State v. Hoffman*, 116 Wn.2d 51, 94-95, 804 P.2d 577 (1991); *State v. Hale*, 26 Wn. App. 211, 216, 611 P.2d 1370 (1980). The prosecutor also can respond to the defense presentation and argue that the evidence does not support the defendant's theory of the case. *State v. Russell*, 125 Wn.2d 24, 87, 882 P.2d 747 (1994). "Mere appeals to jury passion and prejudice, as well as prejudicial allusions to matters outside the evidence, are inappropriate." *State v. Belgarde*, 110 Wn.2d 504, 507, 755 P.2d 174 (1988). However, the defendant must object to the prosecutor's allegedly improper argument to preserve a claim of error unless the argument was so "flagrant and ill intentioned that no curative instructions could have obviated the prejudice." *Id*. When improper argument is alleged, the defense bears the burden of establishing the impropriety of the prosecuting attorney's comments as well as their prejudicial effect. *Hoffman*, 116 Wn.2d at 93.

The challenged statement here was a clear response to the defense argument. Instead of concluding that Ms. Ravenheart's apology was sufficient to resolve the case, the prosecutor focused the jury on the inadequacy of the diminished capacity evidence

and that this was not a case of a defendant being unable to control her behavior. Like anyone else, she was accountable and should be found guilty.

While there are certainly circumstances where asking a jury to hold someone accountable might be an improper appeal to emotion, this was not such an instance. The remark was not improper in context. Moreover, even if the statement could have been construed as an appeal to emotion, it was not such an egregious error as to be beyond correction. Thus, the failure to challenge the remark also amounted to a waiver of the argument.[1]

For both reasons, the contention is without merit. The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

---

[1] Ms. Ravenheart has asked that we waive appellate costs. In the event that the State seeks costs, our commissioner will consider the request in accordance with RAP 14.2.